NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Albert M. ROBINSON, | |
| Plaintiff, | Civ. No. 12-7861 |
| v. | |
| Jeffrey S. CHIESA, | OPINION |
| Defendant. | |

THOMPSON, U.S.D.J.

## I. INTRODUCTION

Plaintiff Albert M. Robinson ("Plaintiff") seeks to bring this action for injunctive relief against Defendant New Jersey Attorney General Jeffrey S. Chiesa ("Defendant"). (*See* Docket Entry No. 1). Specifically, Plaintiff seeks to prevent Defendant from representing Douglas Meckel and Sandra L. Terry in several cases, including "Appeal No. 12-2429 Filed (sic) in the Third Circuit Court of Appeals for the United States, and the subsequent appearance in front of the United States Supreme court (sic) if cause (sic) No. 12-2429 goes that far, and cause (sic) No. BUR-L-2133-12 in the State of New Jersey Superior Court system and the upcoming Racketeering Influenced Corrupt Organization (R.I.C.O.) cause of action which will assert claims against the aforementioned FRO Defendants." (*Id*.). Apparently, in those cases, Plaintiff alleges that Meckel and Terry, as county employees, forged a judge's signature on a Final Restraining Order ("FRO") against Plaintiff.

At this time, the Court must review the Complaint, dated December 16, 2012, to determine whether this action should be dismissed as frivolous or malicious, for failure to state a

1

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, Plaintiff's Complaint is dismissed.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

A complaint is frivolous if is "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. *Deutsch v. United States*, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

In addition, any complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a)(2) requires that pleadings contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

When considering whether Plaintiff has stated a claim, courts conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note

of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Iqbal*, 556 U.S. at 675). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). But, the court should disregard any conclusory allegations proffered in the complaint. *Id*. Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id*. "A complaint has to 'show' such an entitlement with its facts." *Id*. A claim is only plausible if the facts pleaded allow a court to reasonably infer that the defendant is liable for the misconduct alleged. *Id*. at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III.   ANALYSIS

Injunctive relief is an extraordinary remedy, which should only be granted in limited circumstances. *IDT Telecom, Inc. v. CVT Prepaid Solutions*, 250 Fed. Appx. 476, 478-79 (3d Cir. 2007) (citations omitted). The party seeking injunctive relief must demonstrate (1) a reasonable probability of success on the merits; (2) irreparable harm; (3) that the non-moving party will not suffer greater harm if the injunction is granted; and (4) that the public interest at stake favors the injunction. *Id*. at 479. Here, Plaintiff seeks to prevent Defendant from representing Meckel and Terry and, therefore, "drag[ging] the case on and forg[ing] even more documents until the Plaintiff gives up his fight." (Docket Entry No. 1 at ¶ 16). In essence,

Plaintiff argues that the facts overwhelming demonstrate that the FRO was forged, and therefore, Meckel and Terry are not entitled to representation by Defendant.

After reviewing Plaintiff's Complaint, however, the Court finds that dismissal of the case is required. Simply put, Plaintiff has failed to allege that Defendant has committed a violation of law of any kind. *Taylor v. Hayman*, No. 10-4079, 2011 WL 735449, at *12 (D.N.J. Feb. 23, 2011) ("[Plaintiff] is unable to show likelihood of success on the merits because his [claims] are being dismissed without prejudice for failure to state a claim at this time."). Plaintiff does not allege that Defendant has forged any document. Even if Plaintiff had included such an allegation, there are no factual allegations to support such a claim. Instead, Plaintiff apparently alleges that, in representing Meckel and Terry, Defendant is furthering their conspiracy to forge the FRO. As Plaintiff has failed to identify any law violated by Defendant and the Court finds none violated by Defendant's representation of Meckel and Terry, the Court dismisses Plaintiff's complaint as having no arguable basis in law or fact as well as for failing to state a claim under 12(b)(6).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is dismissed. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date:  April 29, 2013

4